UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VDPP LLC,

                Plaintiff,

-v-

SAVANT SYSTEMS, INC.,

                Defendant.

24-CV-8139 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff VDPP LLC commenced this action on October 25, 2024, alleging that Defendant Savant Systems, Inc., infringed on Plaintiff's patent entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials." (ECF No. 1 ¶¶ 6-8.) Though service was due by January 23, 2025, ninety days after the complaint was filed, Fed. R. Civ. P. 4(m), Plaintiff did not serve Defendant by that time. Instead, four days later, on January 27, 2025, Plaintiff filed a letter motion requesting that the Court extend the time to serve Defendant until January 31, 2025. (ECF No. 10.)

    Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

    As Rule 4(m) makes clear, a court must grant an extension of the time for service when a plaintiff has met its burden of showing that good cause existed. "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable

efforts to effect service." *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 204 (S.D.N.Y. 2024) (quoting *Gong v. Sarnoff*, 2023 WL 8096970, at *2 (S.D.N.Y. Nov. 21, 2023)).

Here, though Plaintiff asserts that "there is good cause" for an extension of time to serve Defendant, it provides no explanation or detail regarding how or why such good cause exists. (ECF No. 10.) Plaintiff does state that while it filed its complaint on October 25, 2024, the Clerk of Court did not issue a summons until January 10, 2025, seemingly insinuating that the Court was to blame for the delayed service timeline. However, Plaintiff fails to note that its counsel waited until December 9, 2024, to request the issuance of the summons, and then failed to remedy the filing error flagged by the Clerk of Court on the docket the very next day. (*See* ECF No. 7.) It was not until a month later, on January 8, 2025, that counsel for Plaintiff re-filed the request, remedying the previous error. (ECF No. 8.) The Clerk of Court issued an electronic summons two days later, on January 10, 2025. (ECF No. 9.) Thus, it was not the speed of the Court that delayed service in this case. Instead, it was the error of Plaintiff's counsel. And "attorney neglect does not constitute good cause sufficient for an extension of the period to make service." *Harmon v. Bogart*, 788 F. App'x 808, 809 (2d Cir. 2019) (summary order) (quoting *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991)); *see also George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) ("[A] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause.") (quotation marks omitted).

Further, the fact that Plaintiff's counsel waited until four days after the ninety-day service period to request an extension undermines any argument for good cause. *Blanco*, 722 F. Supp. at 205 ("Plaintiffs' failure to ask for an extension when they were first put on notice of the insufficient service 'weighs against' a finding of good cause.").

Absent good cause, "a district court may extend the time to serve if, after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified." *Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015) (summary order) (citing *Zapata v. City of New York*, 502 F.3d 192, 198-99). However, "it is not required to do so." *Zapata*, 502 F.3d at 197. The Second Circuit has made it clear that if a plaintiff has failed to "advance some colorable excuse for neglect," a district court is well within its discretion to deny an extension of time for service. *Id.* at 197-98. Such is the case here. Further, because the Court dismisses this case without prejudice, and no statute of limitations concern has been raised about the allegedly ongoing patent infringement, there is no weighty concern that the Plaintiff will be unduly prejudiced by this denial.

\* \* \*

For the foregoing reasons, Plaintiff's motion for an extension of time to serve Defendant is DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to close the motion at Docket Number 10 and to close this case.

SO ORDERED.

Dated: January 28, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge